UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DWIGHT & GARY L L C** | **CASE NO. 2:21-CV-01129** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BANKERS INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 30] filed by plaintiff Dwight & Gary LLC. The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from damage to the premises where plaintiff operated a law office in Lake Charles, Louisiana, due to Hurricane Laura and Hurricane Delta, which made landfall in Southwest Louisiana on August 27, 2020, and October 9, 2020. The property was owned by David and Carol Dwight; the sole members of the plaintiff LLC are Stephen Dwight and Jamie Gary. Doc. 30, att. 3. Plaintiff Dwight & Gary LLC operated their law office there from 2018 to the end of 2020. *Id.* At all relevant times the property was insured under a policy issued to plaintiff, as sole named insured, by defendant, Bankers Insurance Company ("Bankers"). *See* doc. 30, att. 4. After the storms and resulting property damage, David and Carol Dwight sold the property via cash sale. Doc. 30, att. 6.

Plaintiff filed suit against Bankers in this court on April 28, 2021, raising claims for breach of insurance contract and bad faith under Louisiana law. The matter is currently set

for trial on February 28, 2022. In disclosures made by Bankers pursuant to this court's Case Management Order [doc. 3], Bankers stated that the property "was sold without notice to Bankers on or about February 12, 2021[,] and there is a question of insurable interest." Doc. 30, att. 7, p. 1.

Plaintiff now moves for partial summary judgment on this apparent affirmative defense, asserting that no provision in the policy supports this view. Bankers has filed no opposition and its time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court

resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Plaintiff notes that, under the policy, written consent of Bankers is required for a transfer of rights. Doc. 30, att. 4, p. 50. Additionally, business liability coverage does not apply to property sold, given away, or abandoned if the property damage arises from that premises. *Id.* at 40. However, the damage alleged here falls under the policy's property coverage rather than its business liability coverage. Plaintiff asserts that it can find no other potentially relevant policy provisions, and the court also finds no clause purporting to limit plaintiff's ability to pursue this claim after the sale. Accordingly, any such argument by Bankers would fail as a matter of law.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 30] will be **GRANTED** and Bankers will be barred from pursuing any defense based on lack of insurable interest.

**THUS DONE AND SIGNED** in Chambers on this 20th day of January, 2022.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**